UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLAS TYLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02137-JMS-TAB |
| ) | |
| CAPSTONE LOGISTICS, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

**I.   Introduction**

It is well established that leave to amend a complaint should be freely granted when justice requires doing so. On the flip side, however, amendments that are futile should not be allowed. Plaintiff Nicholas Tyler seeks leave to amend his Title VII and § 1981 claims of intentional race discrimination by adding disparate impact claims into the mix. Defendant Capstone Logistics objects on two fronts. First, Capstone argues Tyler failed to exhaust a Title VII disparate impact theory with the Equal Employment Opportunity Commission. Second, Capstone argues that § 1981 claims must be premised on intentional conduct, such that a disparate impact claim is not viable under § 1981. As explained below, Capstone's arguments are well taken, and Tyler's motion for leave to amend [Filing No. 21] is denied.

**II.     Discussion**

Tyler filed an EEOC charge premised solely on race discrimination. His EEOC charge included the following narrative:

> Nicholas Tyler was denied, on the basis of his African American race, a promotion to a position with his employer for which he was fully qualified, but he was given the duties and responsibilities of the position for several months. He was not paid an increased salary after having been assigned this work. The position was ultimately filled by hiring another individual.

[Filing No. 22-1.] Tyler does not contest that his EEOC charge fails to articulate a disparate impact claim.

Rather, Tyler's motion for leave to amend asserts that after reviewing discovery materials in this case he has "determined that it would be appropriate to put Capstone on notice that his Title VII claim[1] for racial discrimination would be pursued both on the basis of 'disparate treatment' and 'disparate impact' legal theories." [Filing No. 21, at ECF p. 2.] Tyler's motion does not address the Title VII exhaustion issue or whether a § 1981 disparate impact claim is viable. Instead, Tyler merely notes that the proposed amendment is timely under the Case Management Plan for amending pleadings, that Fed. R. Civ. P. 15(a)(2) states that leave should be freely granted when justice so requires, and that good cause for the amendment exists based upon Tyler's review of the discovery materials.

It is not enough that a proposed amended complaint be timely, be based on good cause, and that Rule 15(a)(2) is forgiving. The proposed amendment must not be futile. This means that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

---

[1] Tyler's motion does not state he is attempting to amend his complaint to also add a § 1981 disparate impact claim, though Tyler's reply brief does make this assertion in response to Capstone's argument that a § 1981 disparate impact claim is not viable. Tyler's proposed amended complaint includes a § 1981 disparate impact claim. Accordingly, the Court treats Tyler's motion as seeking leave to amend both his Title VII and his § 1981 claims.

*Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Tyler's failure to assert a disparate impact claim before the EEOC means Tyler never exhausted that claim, so it is futile to try and do so now.

As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in the EEOC charge. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). While acknowledging this hurdle, Tyler argues that exhaustion should be overlooked because the claims are reasonably related, describe the same conduct, and implicate the same individuals. It is true that the proper inquiry is whether the claims are reasonably related. *Geldon v. South Milwaukee School District*, 414 F.3d 817, 819 (7th Cir. 2005). The problem for Tyler is that the case law overwhelmingly holds that both disparate treatment and disparate impact claims must be exhausted.

Judge Pallmeyer recently faced this exact question in *Ellis v. Multi-Temps Staffing Agency, Inc.*, No. 19 C 7483, 2021 WL 4258977, at *3 (N.D. Ill. Mar. 1, 2021). The plaintiffs in *Ellis* alleged in Counts V and VI of their complaint that their employers' practices had a disparate impact on the employment of African Americans. *Id.* Multi-Temps filed a motion to dismiss, arguing in relevant part that Counts V and VI must be dismissed because these claims were not included in the plaintiffs' EEOC charges. *Id.* Judge Pallmeyer concluded that Multi-Temps' argument was "on solid ground" and dismissed Counts V and VI, relying upon *Diersen v. Walker*, 117 F. App'x 463, 465-66 (7th Cir. 2004) (holding a disparate impact claim is "conceptually and factually distinct" from a disparate treatment claim asserted in an EEOC charge). *Id. See also Greater Indianapolis Chapter of the N.A.A.C.P. v. Ballard*, 741 F. Supp. 2d 925, 939 (S.D. Ind. 2010) ("The plaintiffs' charges allege nothing more than disparate treatment. A charge that alleges disparate treatment and does not identify a neutral employment policy does not preserve a disparate impact claim.") (*citing Pacheco v. Mineta*, 448 F.3d 783, 791-92 (5th Cir. 2006));

*Reinacher v. Alton & Southern Railway Co.*, No. 14-cv-1353-JPG-DGW, 2016 WL 1639669, at *3 (S.D. Ill. April 26, 2016) ("[T]he plaintiff is barred from raising a claim that has not been raised in his EEOC charge unless the claim is reasonably related to, or can be expected to develop from an investigation, into the charges actually stated."). *But see Chicago Tchrs. Union, Loc. 1 v. Bd. of Educ. of City of Chicago*, 419 F. Supp. 3d 1038, 1056 (N.D. Ill. 2020) (holding African American teachers were not barred from asserting a disparate treatment claim under Title VII even though their EEOC charge mentioned only disparate impact, while recognizing that "numerous other courts" have held that an administrative charge raising one theory generally does not exhaust the other), *aff'd sub nom., Chicago Tchrs. Union v. Bd. of Educ. of the City of Chicago*, 14 F.4th 650 (7th Cir. 2021). As the foregoing reveals, case law overwhelmingly undermines Tyler's contention that he exhausted his Title VII disparate impact claim.

This conclusion is bolstered by another significant fact: Tyler was represented by counsel when he filed his EEOC charge. Tyler's administrative charge states he was represented by the same law firm that filed this complaint and that continues to represent him in this action. [Filing No. 22-1.] *See Chaidez v. Ford Motor Company*, 937 F.3d 998, 1005 at n.3 (7th Cir. 2019) (addressing the exhaustion issue and stating, "Generally, a court must read the claims in an EEOC charge liberally, because such charges are often initiated by laypersons rather than lawyers. However, where the plaintiff was represented by counsel when the EEOC charge was filed, 'the argument for liberal construction' [is] 'weakened.'") (Citation omitted). *Accord*, *Greater Indianapolis Chapter of the N.A.A.C.P.*, 741 F. Supp. 2d at 938 ("Specificity and detail is expected when counsel represents a plaintiff in the filing of EEOC charges."); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1112 (7th Cir. 1992) ("Any doubt we might have that racial harassment was never brought to the attention of the EEOC is resolved in this case by noting that

4

here, Mrs. Rush apparently was advised by her attorney even at the stage of filing her charge with the EEOC."). Accordingly, Tyler failed to exhaust his disparate impact claim, and his proposed amendment of his Title VII claim will not be allowed.

Tyler's attempt to amend his complaint to add a § 1981 disparate impact claim fares no better. In *Franklin v. City of Evanston*, 384 F.3d 838, 848 (7th Cir. 2004), the Seventh Circuit affirmed summary judgment dismissing *inter alia* plaintiff's claim that he was terminated because of his race, stating in relevant part that § 1981 claims "require a showing of discriminatory treatment and cannot be supported by proof of disparate impact." See also *Mozee v. American Commercial Marine Service Co.*, 940 F.2d 1036, 1051 (7th Cir. 1991) ("disparate impact does not support section 1981 liability since intentional discrimination is required."); *Davidson v. Citizens Gas & Coke Utility*, 470 F. Supp. 2d 934, 939 (S.D. 2007) ("Inasmuch as a recovery under § 1981 requires a showing of wrongful intent, a disparate impact claim is not available under that statute."). As a result, Tyler's § 1981 disparate impact claim is a legal non-starter.

And while the foregoing authorities sufficiently demonstrate that Tyler's purported disparate impact claim is futile, this claim faces another obstacle. To understand Tyler's dilemma, it is helpful to examine the nature of a disparate impact claim. Indeed, Tyler's proposed amended complaint and his briefing on the motion for leave to amend suggest he lacks a firm grasp on the differences between these claims.

A good explanation of these claims and their differences is found in *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006). In *Pacheco*, the plaintiff brought Title VII claims for racial discrimination in promotions both on disparate impact and disparate treatment theories. *Id*. at 786. The district court dismissed plaintiff's disparate impact theory at summary judgment for failure to exhaust his administrative remedies. *Id*. at 787. The Fifth Circuit affirmed this holding,

explaining that Title VII creates a federal cause of action for "two largely separate theories of discrimination, disparate treatment and disparate impact." *Id.* Judge Garwood, writing for a unanimous Fifth Circuit panel, then explained:

> Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin. In such disparate-treatment cases, proof of and finding of discriminatory motive is required.
>
> Disparate-impact discrimination, on the other hand, addresses employment practices or policies that are facially neutral in their treatment of these protected groups, but, in fact, have a disproportionately adverse effect on such a protected group. In disparate-impact cases, proof or finding of discriminatory motive is not required.

*Id.* (citations omitted). Thus, a neutral employment policy is the "cornerstone" of an EEO disparate impact investigation (and thus a disparate impact claim.) *Id.* at 792. *See also Griffin v. Board of Regents of Regency Universities*, 795 F.2d 1281, 1288 at n.14 (7th Cir. 1986)) ("Disparate impact claims generally involve facially neutral criteria, such as minimum height or weight requirements or a minimum score on an objective test."); *Melendez v. Illinois Bell Telephone Co.*, 79 F.3d 661, 670 (7th Cir. 1996) (affirming trial judge's finding that hiring decisions based on a standardized test had a disparate impact on plaintiff, even though the jury found against plaintiff on disparate treatment claims).

An examination of Tyler's allegations in his proposed amended complaint reveals that he is not challenging any Capstone facially neutral policy. Tyler is only alleging he was denied a promotion based on his race, yet required to perform the duties of the position for which he was denied, without the benefit of any increase in pay. [Filing No. 21-1, at ECF p. 4.] Tyler's reply brief in support of his motion for leave to amend underscores this shortcoming. Tyler points to the following allegation in support of his disparate impact claim: "In so doing, Capstone discriminated against Tyler by **intentionally** giving him treatment different from that accorded to non-African-

American employees, and/or causing him to suffer a disparate impact, on the basis of race."

[Filing No. 25, at ECF p. 6.]

Tyler's disparate impact allegation notwithstanding, what he actually is alleging is that he was intentionally discriminated against in being denied a promotion based on his race, i.e., subjected to disparate treatment. Tyler's complaint is devoid of any reference to a Capstone employment policy that had a disparate impact on him. As a result, Tyler's proposed amended complaint lacks the "cornerstone" of a disparate impact claim, and pursuit of such a claim would be futile. *Pacheco*, 448 F.3d at 792.

### III.  Conclusion

The forgiving nature of Fed. R. Civ. P 15(a)(2) does not circumvent the requirement that proposed amendments not be futile. Tyler never exhausted his proposed Title VII disparate impact claim. And Tyler's § 1981 disparate impact claim is foreclosed by binding precedent and because Tyler fails to reference any Capstone employment policy that he contends disparately impacted him. Accordingly, Tyler's motion for leave to amend [Filing No. 21] is denied.

Date: 3/16/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Ashby M. Angell
FISHER & PHILLIPS LLP
aangell@fisherphillips.com

Robert J. Hunt
LAW OFFICE OF ROBERT J. HUNT, LLC
rob@indianawagelaw.com

Robert F. Hunt
THE LAW OFFICE OF ROBERT J. HUNT, LLC
rfh@indianawagelaw.com

Megan R. U'Sellis
Fisher & Phillips
musellis@fisherphillips.com